Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

CORINA SIFUENTES,
)
 No. 08-03-00146-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 243rd District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20020D03831)


MEMORANDUM OPINION



 Corina Sifuentes attempts to appeal a conviction for assault on a public servant. Finding that
Appellant has no right of appeal, we dismiss the appeal.

 Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:


 A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order. (1) In a plea bargain case--that is, a case in which the
defendant's plea of guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant--a
defendant may appeal only:


 (A) those matters that were raised by written motion filed and ruled on
before trial, or


 (B) after getting the trial court's permission to appeal.


Tex.R.App.P. 25.2(a)(2).


 Appellant filed a timely notice of appeal, including the trial court's certification of the
defendant's right to appeal as required by Rules 25.2(a)(2) and 25.2(d). The trial court's certification 
reflects that the appeal "is in a plea-bargain case, and the defendant has NO right of appeal." On
April 4, 2003, the Clerk's Office notified Appellant's counsel that the certification reflects that
Appellant has no right of appeal in this case and requested a response. In her letter brief, Appellant
admits that she entered a negotiated plea of guilty and was sentenced according to the terms of the
plea bargain. However, she seeks to appeal the denial of her motion for new trial based upon an
allegation of newly discovered evidence. (2) The trial court has denied permission to appeal this issue. 
Appellant requests that this Court grant her permission to appeal.

 With respect to Appellant's request that this Court grant her permission to appeal, the
Legislature has determined that the authority and discretion to grant permission to appeal rests solely
in the trial court. Article 44.02 of the Texas Code of Criminal Procedure provides:

 A defendant in any criminal action has the right of appeal under the rules hereinafter
prescribed, provided, however, before the defendant who has been convicted upon
either his plea of guilty or plea of nolo contendere before the court and the court,
upon the election of the defendant, assesses punishment and the punishment does not
exceed the punishment recommended by the prosecutor and agreed to by the
defendant and his attorney may prosecute his appeal, he must have permission of the
trial court, except on those matters which have been raised by written motion filed
prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this
chapter. [Emphasis added].


Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979).


 Because the trial court has denied Appellant permission to appeal this issue, Appellant has
no right of appeal. Accordingly, the appeal is dismissed.



May 15, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. Rule 25.2(d) requires that the trial court certify whether the defendant has a right of appeal under Rule
25.2(a)(2). Tex.R.App.P. 25.2(d). 
2. Appellant alleges that she did not learn until after her guilty plea that the police officer complainants were
disciplined in connection with the incident involving Appellant. Appellant had previously requested the internal affairs
reports but entered her guilty plea before receiving them.